SAVINGS INSTITUTION OF HARRODSBURG *v.* G. J. JOHNSON, ET AL.

**Compromise of Suit—Newly Discovered Evidence.**

A compromise between litigants will not be set aside, where not induced by fraud, simply because one of the parties discovers thereafter that he could have proven certain facts of which at the time of the compromise he had no knowledge.

Opinion by Judge Lindsay:

Prior to the day upon which the compromise conveyance of June 22, 1866, was accepted by the savings institution, said institution had sued Sims and Jesse Deshazer to set aside the deed executed to them by Gabbart, and to subject to the satisfaction of the judgment upon which Sims and Deshazer were jointly bound, the tract of two hundred fifty acres of land covered by said last-named deed. It has also sued the two Deshazers, and was seeking to set aside as fraudulent the deed from Jesse to William, and to subject to the payment of the judgment for which Jesse Deshazer, Bottom and others were bound, the two hundred fifty acre tract of land covered by this conveyance.

In each action the averment of fraudulent collusion between the vendors and vendees in the two conveyances was made, and upon these averments issues had been made up. The proposal to compromise came from the savings institution, and Jesse Deshazer was the last of the parties to accede to it. In consideration of the conveyance to the savings institution of the two hundred fifty acre tract of land, and the payment by Deshazer to Sims of $600, he was released from all liability to the said institution on account of either or both of the judgments heretofore mentioned.

Appellant seeks to avoid this compromise so far as Jesse Deshazer is concerned, 1st, because since the 22d of June, 1866, it has discovered evidence that the conveyance to Wm. Deshazer was fraudulent, and 2d, because it has discovered that the conveyance to Sims and Deshazer was intended by Gabbart to secure them from damage on account of their joint liability in one of the judgments, instead of being intended to secure Deshazer on account of both judgments against him, as recited in the deed of compromise.

As to the first ground it is only necessary to say that the institution had reason to believe that the conveyance from Jesse to Wm. Deshazer was fraudulent; otherwise it would not have instituted the action to set it aside. Pending that action, the parties had the legal right to compromise the matters in controversy, and the compromise cannot be set aside because facts have since been discovered, which, if known to the savings institution at the time, would have probably induced it to persist in the prosecution of its suit. If such were the law, compromises in cases of this character would be without mutuality.

The party charged with the commission of the fraud would be bound in any event, but the party charging fraud would have the right to disregard the compromise wherever he might discover the evidence necessary to sustain the charge.

This is not a case in which a party was induced to compromise by reason of false and fraudulent representations. Here the party charged with the fraud denied it, and the plaintiff not being satisfied that he could establish the charge, proposed a compromise, which was accepted and acted upon without change or modification. Such a compromise will not be disturbed on account of subsequent developments. If the second ground be material, still it is not supported by sufficient evidence. Sims states indirectly that Gabbart conveyed to him and Deshazer for the purpose of securing them on account alone, of the debt upon which they were jointly bound. But the deed of June 22, 1866, to which he was a party (being one of the grantors), contradicts this statement. Waiving the consideration of other grounds of defense, we are satisfied that on the grounds considered, the chancellor properly dismissed appellant's petition.

Judgment *affirmed.*

*Thompson and Thompson, for appellant.*
*C. A. & P. W. Hardin, for appellees.*